[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-13607

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

KELVIN HENRY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:19-cr-00044-TES-CHW-1

_____

Before ROSENBAUM, ABUDU, and MARCUS, Circuit Judges.

PER CURIAM:

Kelvin Henry, a federal prisoner represented by counsel on appeal, appeals the district court's denial of his *pro se* motion for compassionate release, under 18 U.S.C. § 3582(c)(1)(A)(i), as modified by § 603(b) of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2019), and the denial of his motion for reconsideration as to that decision. He argues that the district court failed to consider his argument that the severity of his illness undermines his ability to engage in future criminal conduct and gave inappropriate weight to his criminal history when ruling on his motion. After thorough review, we affirm.

We review a district court's denial of an eligible defendant's request for compassionate release under § 3582(c)(1)(A) for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). We also review the denial of a motion for reconsideration for abuse of discretion. *United States v. Simms*, 385 F.3d 1347, 1356 (11th Cir. 2004). We liberally construe *pro se* filings. *United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009).

District courts lack the inherent authority to modify a term of imprisonment but may do so within § 3582(c)'s provisions. 18 U.S.C. § 3582(c); *United States v. Bryant*, 996 F.3d 1243, 1251 (11th Cir. 2021). A district court may reduce a term of imprisonment under § 3582(c)(1)(A) if: (1) the 18 U.S.C. § 3553(a) sentencing

factors favor doing so;[1] (2) there are extraordinary and compelling reasons for doing so; and (3) doing so would not endanger any person or the community within the meaning of U.S.S.G. § 1B1.13's policy statement. *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021). The district court need not address these three prongs in a specific sequence, since the absence of even one forecloses a sentence reduction. *Id.* at 1237–38.

Section 1B1.13 of the Sentencing Guidelines provides the applicable policy statement for § 3582(c)(1)(A). U.S.S.G. § 1B1.13. That policy statement indicates that extraordinary and compelling reasons include, in relevant part, the defendant's terminal illness. *Id.* § 1B1.13(b)(1)(A). In addition, § 1B1.13 states that the district court must also determine that the defendant is not a danger to the safety of others, as provided in 18 U.S.C. § 3142(g). *Id.* § 1B1.13(a)(2).

In considering the § 3553(a) factors, a district court is not required "to articulate its findings and reasoning with great detail," but when it considers the § 3553(a) factors in the context of a

---

[1] The § 3553(a) sentencing factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public from further crimes of the defendant, and provide the defendant with educational or vocational training or medical care; (3) the kinds of sentences available; (4) the applicable Guidelines range; (5) pertinent policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among similarly situated defendants; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(1)–(7).

motion under § 3582(c)(1)(A)(i), "it must ensure that the record reflects that it considered the applicable § 3553(a) factors." *United States v. Cook*, 998 F.3d 1180, 1185 (11th Cir. 2021) (quotations omitted, alterations adopted). While all applicable § 3553(a) factors must be considered, the weight given to each § 3553(a) factor "is committed to the sound discretion of the district court," and "a district court may attach great weight to one § 3553(a) factor over others." *United States v. Butler*, 39 F.4th 1349, 1355 (11th Cir. 2022). Further, a district court need not explicitly discuss each § 3553(a) factor nor all of the defendant's mitigating evidence when conducting its § 3553(a) analysis. *Tinker*, 14 F.4th at 1241. However, a district court abuses its discretion "when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Id.* (quotations omitted).

Here, the district court did not abuse its discretion in denying Henry's motion for compassionate release. As the court explained, based on his health diagnosis of terminal prostate cancer, Henry "ha[d] shown extraordinary and compelling reasons warranting compassionate release consideration." Nevertheless, the court denied him relief, "[a]fter careful and complete review of the motion and supporting information submitted by [Henry], the applicable factors set forth in 18 U.S.C. § 3553(a) and considering policy statements found at U.S.S.G. § 1B1.13 to the extent they are relevant." The court then detailed why the § 3553(a) factors weighed against Henry's release. Among other things, the court

described his extensive criminal history, which began at the age of 23 and included: (1) his prior convictions for "Possession of Cocaine with Intent to Distribute (2 convictions), Violation of Georgia Controlled Substance Act, Possession of Cocaine (Habitual Offender), Possession of Marijuana with Intent to Distribute, Obstruction of an Officer, Driving While License Suspended (6 convictions), Giving False Name, Failure to Appear, and Possession of Methamphetamine with Intent to Distribute"; and (2) "at least 14 other arrests not resulting in conviction and several supervision violations." In addition to Henry's criminal history, the court found that the nature and circumstances of the offense -- in which Henry was responsible for 16,986.09 kilograms in converted drug weight of ice, heroin, methamphetamine, cocaine and tramadol, accepting stolen guns in exchange for drugs, and allowing drug users to stay in campers where he stored guns, all while Henry was on probation -- and Henry's history and characteristics weighed "heavily" against his compassionate release. In its analysis, the court also noted that Henry had completed about 13.4% of his term of imprisonment and that it was required to find that he was not a danger to the safety of other persons or the community.

All of these factors -- including the nature of Henry's offense, his criminal history, and his potential dangerousness -- were appropriately considered under § 3553(a)(1). Further, even if the court did not expressly address each factor or all of the mitigating evidence -- including Henry's claim that the age of his criminal history and his illness mitigated his likelihood of recidivism and potential danger to the community -- it was not required to do so. *Id.*

Regardless, the record shows that the court gave consideration to Henry's arguments when it expressly discussed the severity of his medical condition.  Moreover, nothing in the record suggests that the court relied on any improper or irrelevant factor, nor that it made any clear error of judgment.  As we've repeatedly said, the weight given to each § 3553(a) factor "is committed to the sound discretion of the district court," and "a district court may attach great weight to one § 3553(a) factor over others."  *Butler*, 39 F.4th at 1355.  All told, we cannot say that the court abused its discretion in denying Henry's motion for compassionate release.

Nor did the district court abuse its discretion in denying Henry's motion for reconsideration.  Although motions for reconsideration of a district court order in a criminal action are not expressly authorized by the Federal Rules of Criminal Procedure, both "the Supreme Court and this Court have permitted motions for reconsideration in criminal cases."  *United States v. Phillips*, 597 F.3d 1190, 1199 (11th Cir. 2010).  However, a motion for reconsideration may not be used to relitigate old matters or present arguments or evidence that could have been raised prior to the entry of judgment.  *Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010).

In this case, the court said that it was denying Henry's motion for reconsideration because the motion merely sought "to relitigate old matters and reargue issues [the] Court ha[d] already settled."  The court expressly acknowledged Henry's complaint about the quality of medical care in prison.  The court explained, however, that Henry failed to address its reasons for denying the

motion -- that is, that his lengthy criminal history and service of only 13.4% of his total sentence weighed against his release in light of the § 3553(a) factors.  It summarized: "The fact remains that a jury convicted Henry of several serious crimes and the Court sentenced him to a lengthy sentence that has in no way been substantially completed."  The court added that Henry had not submitted any new evidence or other grounds that would affect its earlier ruling.

On this record, the district court acted well within its discretion in denying Henry's motion for reconsideration.  The court correctly recognized that Henry raised the same issues concerning his medical condition that he'd raised in his underlying request for compassionate release. And, again, the court was not required to discuss each piece of Henry's mitigating evidence, especially since, as we've already observed, the record reflects the court's reasoned consideration of his arguments.  *Tinker*, 14 F.4th at 1241.

**AFFIRMED.**

23-13607                ABUDU, J., Concurring                    1

ABUDU, Circuit Judge, concurring:

Constrained by our deferential standard of review, I concur. *See United States v. Harris*, 989 F.3d 908, 912 (11th Cir. 2021) ("When review is only for abuse of discretion, it 'means that the district court had a range of choice and that we cannot reverse just because we might have come to a different conclusion had it been our call to make.'" (quoting *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 934 (11th Cir. 2007)).  I write separately because this case exemplifies a downward trend towards denying compassionate release even in truly extraordinary circumstances—such as where the incarcerated person's chances of survival are less than minimal and the heavy responsibility on corrections officials of continued medical care outweighs the societal benefit of continued incarceration.  *See* U.S. SENT'G COMM'N, COMPASSIONATE RELEASE DATA REPORT 3-6 (2024) [hereinafter RELEASE DATA REPORT], https://www.ussc.gov/sites /default/files/pdf/research-and-publications/federal-sentencing-statistics/compassionate-release/FY24Q4-Compassionate-Release .pdf [https://perma.cc/9VD3-Z5Hd] (showing that, despite recent amendments to the Sentencing Guidelines expanding the list of extraordinary and compelling reasons for sentence reductions, grants of compassionate release remain very rare).

Kelvin Henry filed a *pro se* motion for compassionate release in August 2023, asking the district court to release him so he could "go home, enter Hospice care and die at home with [his] mother taking care of [him] and the[] rest of [his] family."  He has Stage IV cancer and represented at the time of his filing that he had only six

months to live.  The government does not dispute Henry's dire health condition and does not challenge the district court's conclusion that Henry has shown an extraordinary and compelling reason for his early release.  Therefore, compassionate release under 18 U.S.C. § 3582(c)(1) is proper if Henry has also shown "the [18 U.S.C.] § 3553(a) sentencing factors favor" his release and that his release "wouldn't endanger any person or the community within the meaning of [U.S.S.G.] § 1B1.13's policy statement." *United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021).

There is no question that Henry has an extensive criminal history, involving serious offenses, for which he only has served a small portion of his sentence.  However, the denial of his request despite his "extraordinary and compelling reason" leads one to question the purpose of the compassionate release statute if, in application, it affords no relief to people like Henry who lie dying in custody.  *See* RELEASE DATA REPORT at 9, 18 (showing that 83.6% of compassionate release motions are denied in this Circuit).  Put another way: what is the government's interest in ensuring Henry dies in custody as opposed to with his family?

Although we are affirming the district court's discretionary ruling, we also could have affirmed a ruling in Henry's favor because it would not have been unreasonable to conclude, conversely, that his impending death outweighs many, if not all, of the Section 3553(a) factors and that Henry, who is essentially bed-ridden with a deadly illness with not many years, if months, to live, no longer poses any danger to the community.  *See Concepcion v.*

23-13607            ABUDU, J., Concurring                    3

*United States*, 597 U.S. 481, 486 (2022) (explaining that a court considering the § 3553(a) factors should "consider[] the defendant on that day, not on the date of his offense or the date of his conviction" (citing *Pepper v. United States*, 562 U.S. 476, 492 (2011))).